Missisquoi Corporation v. Commissioner.
Missisquoi Corp. v. Commissioner
Docket No. 688.
United States Tax Court
1943 Tax Ct. Memo LEXIS 68; 2 T.C.M. (CCH) 957; T.C.M. (RIA) 43469; October 26, 1943
*68 1. Excessive depreciation taken in prior net loss years may not be restored to unrecovered cost basis in computing depreciation for the current tax year. Virginian Hotel Corp. of Lynchburg v. Helvering, 319 U.S. 523. 2. An absolute right to receive interest gives rise to an accrual of income notwithstanding the fact that payment of the interest is not to be made until another obligation is satisfied by the debtor. M. L. Sears, Esq., for the respondent. ARUNDELL
Memorandum Opinion ARUNDELL, Judge: This proceeding was initiated to test the correctness of the respondent's determination of a deficiency in income tax for the calendar year 1939 in the sum of $6,102.88. The petitioner is a corporation organized under the laws of Vermont and having its principal place of business in that state. Its tax return was filed with the Collector of Internal Revenue for the district of Vermont. Two issues are raised by the pleadings: (1) the disallowance of depreciation on certain machinery and buildings and (2) the inclusion in taxable income of $605.50 which petitioner claims was not properly accruable as interest on a note payable to it by a subsidiary. The facts *69 have been stipulated and we shall discuss them only in so far as may be necessary to a decision of the legal questions raised. The first question has to do with the application of the so-called tax benefit theory in determining unrecovered cost basis for the purpose of the depreciation allowance. There is no dispute as to the original cost basis, the amount of depreciation heretofore charged, the extent of the tax benefit derived in prior year, or the new rates to be applied. The parties have stipulated that if petitioner is entitled to add back into unrecovered cost the amount of excessive depreciation claimed as deductions on its returns on prior years to the extent that no tax benefit was derived from such excessive deductions, then the excessive depreciation claimed for 1939 is in the amount of $13,015.20. And if this may not be done the excessive depreciation claimed for 1939 is in the sum of $26,812.30, which is the amount disallowed by the Commissioner in the notice of deficiency. The question raised has been decided adversely to petitioner's contention by the Supreme Court of the United States in , *70 and a motion for rehearing of that case was denied by the Supreme Court on October 11, 1943. It was the pendency of this latter motion at the time the instant case was submitted which made settlement out of court impractical. Upon authority of the cited case respondent's determination on this issue is sustained. The second question arises under the following circumstances. Prior to October 20, 1939, petitioner's wholly owned subsidiary, the Fonda Container Company, Inc., hereafter called Fonda, was indebted to petitioner in the amount of $51,900 for merchandise. Fonda wished to obtain a mortgage loan from a bank and the Reconstruction Finance Corporation, hereinafter called the RFC. As a condition of granting a loan the RFC required that Fonda's debt to petitioner be represented by a 5-year promissory note and that petitioner agree in writing not to "charge or receive any payment of interest or principal on said note of $51,900 as long as said RFC mortgage should remain unpaid." The note was executed and reads as follows: $51,900 October 20, 1939 Five years after date we promise to pay to the order of MISSISQUOI CORPORATION Fifty-one thousand nine hundred Dollars at First Citizens *71 Bank and Trust Company of Utica Value received with interest at 6% FONDA CONTAINER COMPANY, INC. By H. J. Wallace, Vice-President. Pursuant to Agreement date October 20, 1939, between Fonda Container Company, Inc., Missisquoi Corporation, First Citizens Bank and Trust Company of Utica and Reconstruction Finance Corporation, no action may be taken to collect, assert or enforce payment of the principal or interest hereof, except as provided therein, and all rights hereby represented shall be in all respects subject to the terms and conditions of said Agreement. FONDA CONTAINER COMPANY, INC. By H. J. Wallace, Vice-President MISSISQUOI CORPORATION By Walter B. Sheehan, Secretary and Treasurer The standby agreement that was executed by Fonda (the borrower) and petitioner (the standby creditor) contains the following paragraph: Borrower will not make, and Stanby Creditor will not charge or receive, any payment of future interest on the claim during the operation of this Agreement. Petitioner did in fact accrue on its books interest in the amount of $605.50 covering the period from October 20, 1939 to December 31, 1939, and a year later it reversed this entry. The question presented *72 is whether interest on the obligation, notwithstanding the standby agreement, was income to petitioner on the accrual basis. Counsel for petitioner was not present at the time the case was submitted and no brief has been filed in petitioner's behalf. So far as we are advised there is no contention that the liability to pay interest is in any wise contingent, other than the fact that its payment must await the prior liquidation of the R.F.C. loan, and no suggestion is advanced that the interest will not eventually be paid. As the obligation was absolute, see ; ; and , and there is nothing to indicate that it is or will be uncollectible; it is our opinion that the item is properly accruable and constitutes income to the petitioner for the year 1939. The fact that interest is not presently collectible is of no importance where one is reporting on an accrual basis. Income that is earned must be accrued without regard to whether payment *73 has been made or is presently due. . It follows that the Commissioner's determination must be approved. Decision will be entered for the respondent.